IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                )
CTIA – THE WIRELESS ASSOCIATION, )
formerly CELLULAR               )
TELECOMMUNICATIONS &            )
INTERNET ASSOCIATION            )
1400 16th Street, NW            )
Suite. 600                      )
Washington, DC 20036            )
                                )
            Plaintiff,          )
                                )    Case No. _____
        v.                      )
                                )
HARTFORD CASUALTY               )
INSURANCE COMPANY               )
Hartford Plaza                  )
Hartford, CT 06115              )
                                )
AND                             )
                                )
TWIN CITY FIRE INSURANCE        )
COMPANY                         )
Hartford Plaza                  )
Hartford, CT 06115              )
                                )
            Defendants.         )
_____ )
```

## COMPLAINT

Plaintiff, CTIA – THE WIRELESS ASSOCIATION, formerly the Cellular Telecommunications & Internet Association ("CTIA"), by and through its undersigned counsel, brings this complaint against Defendants, HARTFORD CASUALTY INSURANCE COMPANY and TWIN CITY FIRE INSURANCE COMPANY (collectively "Hartford"), and alleges the following:

**NATURE OF THE ACTION AND RELIEF SOUGHT**

1.  This is an action for breach of contract arising out of Hartford's refusal to fully defend CTIA under a series of commercial general liability and umbrella liability insurance policies sold to CTIA by Hartford with respect to certain underlying lawsuits alleging that individuals suffered bodily injury as a result of using their cellular telephones. CTIA also seeks a declaration pursuant to 28 U.S.C. § 2201 that Hartford must pay all of CTIA's defense costs incurred in defending these lawsuits.

**JURISDICTION, PARTIES AND VENUE**

2.  This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), as this is a civil action where the matter in controversy exceeds the value of $75,000.00, exclusive of interests and costs, and is between the citizens of different States.

3.  Plaintiff, CTIA – The Wireless Association, formerly the Cellular Telecommunications & Internet Association, is a trade association existing under the laws of the District of Columbia, and has its principal place of business at 1400 16th Street, N.W., Suite 600, Washington, DC 20036.

4.  Defendant Hartford Casualty Insurance Company is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business in Hartford, Connecticut.

5.  Defendant Twin City Fire Insurance Company is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business in Hartford, Connecticut.

6. This court has personal jurisdiction over Defendants because Defendants were at all relevant times transacting business in the District of Columbia. Defendants have agents in the District of Columbia engaging in the business of insurance on their behalf, and were at all relevant times engaged in the business of insurance in the District of Columbia.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims at issue in this action occurred in the District of Columbia.

## THE CELLULAR TELEPHONE LAWSUITS

8. CTIA has been named as a defendant in a series of lawsuits filed against the cellular telephone industry.

9. Although each of these lawsuits arise out of, or in consequence of, different facts and circumstances, they generally involve plaintiffs who allegedly have been diagnosed with brain cancer or other bodily injuries which they claim are somehow related to their use of cellular telephones.

10. The lawsuits for which CTIA seeks to have Hartford pay a full defense in this action include: (a) Newman, et al. v. Motorola, Inc., et al., No. CCB-00-2609 (Md. Cir. Ct., Baltimore County filed Aug. 1, 2000) (attached as **Exhibit A**); (b) Barrett, et al. v. Nokia, Inc., et al., No. 2001-CV-33385 (Ga. Sup. Ct., Fulton County filed Jan. 29, 2001) (attached as **Exhibit B**); (c) Brower, et al. v. Motorola, Inc., et al., No. GIC765987 (Cal. Sup. Ct. filed Apr. 19, 2001) (attached as **Exhibit C**); (d) Murray, et al. v. Motorola, Inc., et al., (D.C. Sup. Ct. filed Nov. 15, 2001) (attached as **Exhibit D**); (e) Keller, et al. v. Nokia, Inc., et al., No. 1372-02 (D.C. Sup. Ct. filed Feb. 26, 2002)

(attached as **Exhibit E**); (f) <u>Agro, et al. v. Motorola, Inc., et al.</u>, No. 1368-02 (D.C. Sup. Ct. filed Feb. 26, 2002) (attached as **Exhibit F**); (g) <u>Schwamb, et al. v. Qualcomm, Inc., et al.</u>, No. 1370-02 (D.C. Sup. Ct. filed Feb. 26, 2002) (attached as **Exhibit G**); (h) <u>Schofield, et al. v. Matsushita, Inc., et al.</u>, No. 1371-02 (D.C. Sup. Ct. filed Feb. 26, 2002) (attached as **Exhibit H**); and (i) <u>Cochran, et al. v Audiovox Corp., et al.</u>, No. 1369-02 (D.C. Sup. Ct. filed Feb. 26, 2002) (attached as **Exhibit I**). These lawsuits are collectively referred to herein as the "Wireless Litigation" or "Wireless Lawsuits."

## THE INSURANCE POLICIES

11. Hartford sold the following primary and umbrella Commercial General Liability (CGL) insurance policies to CTIA:

| Policy Number | Coverage Period(s) |
|---|---|
| 42 UUC AU6453 (primary) | 6/1/91 to 6/1/92 |
| 42 RHU YX2453 (umbrella) | 7/29/91 to 7/29/92 |
| 42 UUC AU6453 (primary) | 6/1/92 to 6/1/93 |
| 42 RHU YX2453 (umbrella) | 7/29/92 to 7/29/93 |
| 42 UUC AU6453 (primary) | 6/1/93 to 6/1/94 |
| 42 RHU WP7340 (umbrella) | 6/1/93 to 6/1/94 |
| 42 UUC AU6453 (primary) | 6/1/94 to 6/1/95 |
| 42 RHU WP7340 (umbrella) | 6/1/94 to 6/1/95 |
| 42 UUC AU6453 (primary) | 6/1/95 to 6/1/96 |
| 42 RHU WP7340 (umbrella) | 6/1/95 to 6/1/96 |
| 42 UUC AU6453 (primary) | 6/1/96 to 6/1/97 |
| 42 RHU WP7340 (umbrella) | 6/1/96 to 6/1/97 |

| | |
|---|---|
| 42 UUC AU6453 (primary) | 6/1/97 to 6/1/98 |
| 42 RHU WP7340 (umbrella) | 6/1/97 to 6/1/98 |
| 42 UUC AU6453 (primary) | 6/1/98 to 6/1/99 |
| 42 RHU WP7340 (umbrella) | 6/1/98 to 6/1/99 |
| 42 UUC AU6453 (primary) | 6/1/99 to 6/1/00 |
| 42 RHU WP7340 (umbrella) | 6/1/99 to 6/1/00 |
| 42 UUC AU6453 (primary) | 6/1/00 to 6/1/01 |
| 42 RHU XF6051 (umbrella) | 6/1/00 to 6/1/01 |
| 42 UUC AU6453 (primary) | 6/1/01 to 6/1/02 |

12.   A representative Hartford primary insurance policy covering the policy period from 6/1/1996 to 6/1/1997 is attached as **Exhibit J**.

13.   The Hartford policies are known as "occurrence" policies, covering third-party allegations of bodily injury or property damage during the policy period.

14.   The Hartford policies provide both defense and indemnity coverage, with the primary policies responding first, and the umbrella policies responding if primary coverage is either exhausted or is otherwise excluded under the primary policies.

15.   On information and belief, each Hartford primary policy has a limit of $1 million per occurrence. A separate per occurrence limit applies for each given policy year.

16.   Defense coverage provisions under the Hartford primary policies require Hartford to defend the Wireless Lawsuits. Defense coverage provisions in the Hartford

primary policies do not permit anything other than a full defense, requiring Hartford to pay 100 percent of defense costs incurred in each of the respective Wireless Lawsuits.

17.   Defense costs paid under the primary Hartford policies do not reduce or exhaust the limits of insurance afforded under the Hartford primary policies.

**HARTFORD'S REFUSAL TO PAY FOR CTIA'S FULL DEFENSE OF THE WIRELESS LAWSUITS**

18.   On April 12, 2001, and again on September 21, 2001, Hartford agreed to defend Newman and Barrett under its policies. However, Hartford has paid (at most) only 50 percent of the defense costs of Newman and Barrett, despite its obligation under its policies to provide 100 percent of the defense for the Wireless Lawsuits.

19.   On April 5, 2002, Hartford agreed to defend Brower, Murray, Agro, Keller, Schofield and Schwamb.  However, Hartford has paid (at most) only 50 percent of the defense costs of Brower, Murray, Agro, Keller, Schofield and Schwamb, despite its obligation under its policies to provide 100 percent of the defense for the Wireless Lawsuits.

20.   Hartford stated that it would deny coverage for Cochran, but has not yet done so. Hartford has paid (at most) only 50 percent of the defense costs of Cochran, despite its obligation under its policies to provide 100 percent of the defense for the Wireless Lawsuits.

**COUNT I**
**Breach of Contract**

21.   CTIA incorporates and realleges the allegations in paragraphs 1-20 of this Complaint.

6

22. Hartford owes a contractual duty to CTIA under the policies it sold to CTIA to defend CTIA in the Wireless Litigation and to pay 100 percent of CTIA's defense costs in the Wireless Litigation.

23. To date, Hartford has paid (at most) only 50 percent of CTIA's defense costs for the Wireless Litigation.

24. Hartford has breached its duty to defend under one or more of the Hartford policies.

25. CTIA is entitled to the payment from Hartford of 100 percent of the defense costs previously incurred and that will be incurred in the future with respect to the Wireless Lawsuits.

## COUNT II
### Declaratory Judgment

26. CTIA incorporates and realleges the allegations in paragraphs 1-25 of this Complaint.

27. Hartford has agreed to defend the Wireless Litigation, but has refused to pay 100 percent of CTIA's defense costs incurred in defending itself against the Wireless Lawsuits.

28. CTIA is entitled to a declaration that Hartford has a duty to defend them against the Wireless Lawsuits under one or more of the Hartford insurance policies.

29. CTIA is entitled to a declaration that Hartford must pay 100 percent of CTIA's previously incurred and future costs of defense in the Wireless Litigation under one or more of the Hartford insurance policies.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff CTIA requests that the Court enter judgment in its favor as follows:

A.    with respect to Count I, an order requiring Hartford to defend CTIA against the Wireless Lawsuits and to pay 100 percent of all defense costs incurred or to be incurred with respect to the Wireless Lawsuits;

B.    with respect to Count II, an order declaring that Hartford must defend CTIA against the Wireless Lawsuits and pay 100 percent of all defense costs incurred or to be incurred with respect to the Wireless Lawsuits; and

C.    any other relief the Court deems appropriate under the circumstances, including an award of attorneys fees and costs incurred by CTIA in bringing this action.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all jury-eligible issues.

Dated: May 18, 2006

Respectfully submitted,

Sanford M. Saunders (D.C. Bar No. 376098)
GREENBERG TRAURIG LLP
800 Connecticut Ave., N.W.
Suite 500
Washington, DC 20006
(202) 331-3100 (phone)
(202) 331-3101 (fax)

Of Counsel:

Mark E. Miller (D.C. Bar No. 445743)
GREENBERG TRAURIG LLP
800 Connecticut Ave., N.W.
Suite 500
Washington, DC 20006
(202) 331-3100 (phone)
(202) 331-3101 (fax)

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

CTIA- THE WIRELESS ASSOCIATION,
formerly CELLULAR TELECOMMUNICATIONS
& INTERNET ASSOCIATION

**SUMMONS IN A CIVIL CASE**

V.

HARTFORD CASUALTY INSURANCE
COMPANY and TWIN CITY FIRE
INSURANCE COMPANY

CASE NUMBER:

TO: (Name and address of Defendant)

HARTFORD CASUALTY
INSURANCE COMPANY
Hartford Plaza
Hartford, CT 06115

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Sanford M. Saunders (D.C. Bar No. 376098)
Greenberg Traurig LLP
800 Connecticut Ave., NW, Suite 500
Washington, DC 20006

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK                                                                                         DATE

(By) DEPUTY CLERK

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

- ☐ Served personally upon the defendant. Place where served: _____

- ☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
    Name of person with whom the summons and complaint were left: _____

- ☐ Returned unexecuted: _____

- ☐ Other (specify): _____

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
                   Date            *Signature of Server*

                                   *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CTIA – THE WIRELESS ASSOCIATION, formerly CELLULAR TELECOMMUNICATIONS & INTERNET ASSOCIATION<br>1400 16th Street, NW<br>Suite. 600<br>Washington, DC 20036<br><br>       Plaintiff,<br><br>   v.<br><br>HARTFORD CASUALTY INSURANCE COMPANY<br>Hartford Plaza<br>Hartford, CT 06115<br><br>AND<br><br>TWIN CITY FIRE INSURANCE COMPANY<br>Hartford Plaza<br>Hartford, CT 06115<br><br>       Defendants. | Case No. _____ |

## COMPLAINT

Plaintiff, CTIA – THE WIRELESS ASSOCIATION, formerly the Cellular Telecommunications & Internet Association ("CTIA"), by and through its undersigned counsel, brings this complaint against Defendants, HARTFORD CASUALTY INSURANCE COMPANY and TWIN CITY FIRE INSURANCE COMPANY (collectively "Hartford"), and alleges the following:

**NATURE OF THE ACTION AND RELIEF SOUGHT**

1.     This is an action for breach of contract arising out of Hartford's refusal to fully defend CTIA under a series of commercial general liability and umbrella liability insurance policies sold to CTIA by Hartford with respect to certain underlying lawsuits alleging that individuals suffered bodily injury as a result of using their cellular telephones.  CTIA also seeks a declaration pursuant to 28 U.S.C. § 2201 that Hartford must pay all of CTIA's defense costs incurred in defending these lawsuits.

**JURISDICTION, PARTIES AND VENUE**

2.     This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), as this is a civil action where the matter in controversy exceeds the value of $75,000.00, exclusive of interests and costs, and is between the citizens of different States.

3.     Plaintiff, CTIA – The Wireless Association, formerly the Cellular Telecommunications & Internet Association, is a trade association existing under the laws of the District of Columbia, and has its principal place of business at 1400 16th Street, N.W., Suite 600, Washington, DC 20036.

4.     Defendant Hartford Casualty Insurance Company is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business in Hartford, Connecticut.

5.     Defendant Twin City Fire Insurance Company is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business in Hartford, Connecticut.

6.  This court has personal jurisdiction over Defendants because Defendants were at all relevant times transacting business in the District of Columbia. Defendants have agents in the District of Columbia engaging in the business of insurance on their behalf, and were at all relevant times engaged in the business of insurance in the District of Columbia.

7.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims at issue in this action occurred in the District of Columbia.

## THE CELLULAR TELEPHONE LAWSUITS

8.  CTIA has been named as a defendant in a series of lawsuits filed against the cellular telephone industry.

9.  Although each of these lawsuits arise out of, or in consequence of, different facts and circumstances, they generally involve plaintiffs who allegedly have been diagnosed with brain cancer or other bodily injuries which they claim are somehow related to their use of cellular telephones.

10. The lawsuits for which CTIA seeks to have Hartford pay a full defense in this action include: (a) Newman, et al. v. Motorola, Inc., et al., No. CCB-00-2609 (Md. Cir. Ct., Baltimore County filed Aug. 1, 2000) (attached as **Exhibit A**); (b) Barrett, et al. v. Nokia, Inc., et al., No. 2001-CV-33385 (Ga. Sup. Ct., Fulton County filed Jan. 29, 2001) (attached as **Exhibit B**); (c) Brower, et al. v. Motorola, Inc., et al., No. GIC765987 (Cal. Sup. Ct. filed Apr. 19, 2001) (attached as **Exhibit C**); (d) Murray, et al. v. Motorola, Inc., et al., (D.C. Sup. Ct. filed Nov. 15, 2001) (attached as **Exhibit D**); (e) Keller, et al. v. Nokia, Inc., et al., No. 1372-02 (D.C. Sup. Ct. filed Feb. 26, 2002)

(attached as **Exhibit E**); (f) <u>Agro, et al. v. Motorola, Inc., et al.</u>, No. 1368-02 (D.C. Sup. Ct. filed Feb. 26, 2002) (attached as **Exhibit F**); (g) <u>Schwamb, et al. v. Qualcomm, Inc., et al.</u>, No. 1370-02 (D.C. Sup. Ct. filed Feb. 26, 2002) (attached as **Exhibit G**); (h) <u>Schofield, et al. v. Matsushita, Inc., et al.</u>, No. 1371-02 (D.C. Sup. Ct. filed Feb. 26, 2002) (attached as **Exhibit H**); and (i) <u>Cochran, et al. v Audiovox Corp., et al.</u>, No. 1369-02 (D.C. Sup. Ct. filed Feb. 26, 2002) (attached as **Exhibit I**). These lawsuits are collectively referred to herein as the "Wireless Litigation" or "Wireless Lawsuits."

## THE INSURANCE POLICIES

11.     Hartford sold the following primary and umbrella Commercial General Liability (CGL) insurance policies to CTIA:

| Policy Number | Coverage Period(s) |
| --- | --- |
| 42 UUC AU6453 (primary) | 6/1/91 to 6/1/92 |
| 42 RHU YX2453 (umbrella) | 7/29/91 to 7/29/92 |
| 42 UUC AU6453 (primary) | 6/1/92 to 6/1/93 |
| 42 RHU YX2453 (umbrella) | 7/29/92 to 7/29/93 |
| 42 UUC AU6453 (primary) | 6/1/93 to 6/1/94 |
| 42 RHU WP7340 (umbrella) | 6/1/93 to 6/1/94 |
| 42 UUC AU6453 (primary) | 6/1/94 to 6/1/95 |
| 42 RHU WP7340 (umbrella) | 6/1/94 to 6/1/95 |
| 42 UUC AU6453 (primary) | 6/1/95 to 6/1/96 |
| 42 RHU WP7340 (umbrella) | 6/1/95 to 6/1/96 |
| 42 UUC AU6453 (primary) | 6/1/96 to 6/1/97 |
| 42 RHU WP7340 (umbrella) | 6/1/96 to 6/1/97 |

4

| | |
|---|---|
| 42 UUC AU6453 (primary) | 6/1/97 to 6/1/98 |
| 42 RHU WP7340 (umbrella) | 6/1/97 to 6/1/98 |
| 42 UUC AU6453 (primary) | 6/1/98 to 6/1/99 |
| 42 RHU WP7340 (umbrella) | 6/1/98 to 6/1/99 |
| 42 UUC AU6453 (primary) | 6/1/99 to 6/1/00 |
| 42 RHU WP7340 (umbrella) | 6/1/99 to 6/1/00 |
| 42 UUC AU6453 (primary) | 6/1/00 to 6/1/01 |
| 42 RHU XF6051 (umbrella) | 6/1/00 to 6/1/01 |
| 42 UUC AU6453 (primary) | 6/1/01 to 6/1/02 |

12.     A representative Hartford primary insurance policy covering the policy period from 6/1/1996 to 6/1/1997 is attached as **Exhibit J**.

13.     The Hartford policies are known as "occurrence" policies, covering third-party allegations of bodily injury or property damage during the policy period.

14.     The Hartford policies provide both defense and indemnity coverage, with the primary policies responding first, and the umbrella policies responding if primary coverage is either exhausted or is otherwise excluded under the primary policies.

15.     On information and belief, each Hartford primary policy has a limit of $1 million per occurrence. A separate per occurrence limit applies for each given policy year.

16.     Defense coverage provisions under the Hartford primary policies require Hartford to defend the Wireless Lawsuits. Defense coverage provisions in the Hartford

5

primary policies do not permit anything other than a full defense, requiring Hartford to pay 100 percent of defense costs incurred in each of the respective Wireless Lawsuits.

17. Defense costs paid under the primary Hartford policies do not reduce or exhaust the limits of insurance afforded under the Hartford primary policies.

**HARTFORD'S REFUSAL TO PAY FOR CTIA'S FULL DEFENSE OF THE WIRELESS LAWSUITS**

18. On April 12, 2001, and again on September 21, 2001, Hartford agreed to defend Newman and Barrett under its policies. However, Hartford has paid (at most) only 50 percent of the defense costs of Newman and Barrett, despite its obligation under its policies to provide 100 percent of the defense for the Wireless Lawsuits.

19. On April 5, 2002, Hartford agreed to defend Brower, Murray, Agro, Keller, Schofield and Schwamb. However, Hartford has paid (at most) only 50 percent of the defense costs of Brower, Murray, Agro, Keller, Schofield and Schwamb, despite its obligation under its policies to provide 100 percent of the defense for the Wireless Lawsuits.

20. Hartford stated that it would deny coverage for Cochran, but has not yet done so. Hartford has paid (at most) only 50 percent of the defense costs of Cochran, despite its obligation under its policies to provide 100 percent of the defense for the Wireless Lawsuits.

**COUNT I**
**Breach of Contract**

21. CTIA incorporates and realleges the allegations in paragraphs 1-20 of this Complaint.

6

22. Hartford owes a contractual duty to CTIA under the policies it sold to CTIA to defend CTIA in the Wireless Litigation and to pay 100 percent of CTIA's defense costs in the Wireless Litigation.

23. To date, Hartford has paid (at most) only 50 percent of CTIA's defense costs for the Wireless Litigation.

24. Hartford has breached its duty to defend under one or more of the Hartford policies.

25. CTIA is entitled to the payment from Hartford of 100 percent of the defense costs previously incurred and that will be incurred in the future with respect to the Wireless Lawsuits.

## COUNT II
### Declaratory Judgment

26. CTIA incorporates and realleges the allegations in paragraphs 1-25 of this Complaint.

27. Hartford has agreed to defend the Wireless Litigation, but has refused to pay 100 percent of CTIA's defense costs incurred in defending itself against the Wireless Lawsuits.

28. CTIA is entitled to a declaration that Hartford has a duty to defend them against the Wireless Lawsuits under one or more of the Hartford insurance policies.

29. CTIA is entitled to a declaration that Hartford must pay 100 percent of CTIA's previously incurred and future costs of defense in the Wireless Litigation under one or more of the Hartford insurance policies.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff CTIA requests that the Court enter judgment in its favor as follows:

A.    with respect to Count I, an order requiring Hartford to defend CTIA against the Wireless Lawsuits and to pay 100 percent of all defense costs incurred or to be incurred with respect to the Wireless Lawsuits;

B.    with respect to Count II, an order declaring that Hartford must defend CTIA against the Wireless Lawsuits and pay 100 percent of all defense costs incurred or to be incurred with respect to the Wireless Lawsuits; and

C.    any other relief the Court deems appropriate under the circumstances, including an award of attorneys fees and costs incurred by CTIA in bringing this action.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all jury-eligible issues.

Dated: May 18, 2006

Respectfully submitted,

Sanford M. Saunders (D.C. Bar No. 376098)
GREENBERG TRAURIG LLP
800 Connecticut Ave., N.W.
Suite 500
Washington, DC 20006
(202) 331-3100 (phone)
(202) 331-3101 (fax)

Of Counsel:

Mark E. Miller (D.C. Bar No. 445743)
GREENBERG TRAURIG LLP
800 Connecticut Ave., N.W.
Suite 500
Washington, DC 20006
(202) 331-3100 (phone)
(202) 331-3101 (fax)